# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
May 27, 2020

Lyle W. Cayce
Clerk

No. 17-11525
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

GARY BUSBY,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CR-211-1

Before BARKSDALE, HAYNES, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

A jury convicted Gary Busby on one count of conspiracy to manufacture firearms without a license, in violation of 18 U.S.C. §§ 371 and 922(a)(1)(A), and four counts of structuring transactions to evade reporting requirements, in violation of 31 U.S.C. § 5324(a)(3). The district court, *inter alia*, sentenced Busby to 78-months' imprisonment and entered a forfeiture money judgment against him for $236,488. Busby challenges: his conviction for conspiracy to

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 17-11525

manufacture firearms without a license, asserting the Government did not provide sufficient evidence to establish a conspiracy; and the forfeiture money judgment.  (He does not contest his structuring convictions.)

Busby's defense included his testimony.  As he concedes, because he failed to renew his motion for judgment of acquittal at the conclusion of all the evidence, our review is only for plain error.  *United States v. Oti*, 872 F.3d 678, 686 (5th Cir. 2017) (citation omitted).  Under that standard, Busby must show a forfeited plain error (clear or obvious error, rather than one subject to reasonable dispute) that affected his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes that showing, we have the discretion to correct such reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings".  *Id.*  "In the sufficiency of the evidence context, [our] court has stated that it will reverse under plain[-]error review only if there is a 'manifest miscarriage of justice,' which occurs only where 'the record is devoid of evidence pointing to guilt' or the evidence is so tenuous that a conviction is 'shocking.'" *Oti*, 872 F.3d at 686 (quoting *United States v. Delgado*, 672 F.3d 320, 331 (5th Cir. 2012) (en banc)).

To sustain a conviction for conspiracy to manufacture firearms without a license, the Government was required to prove beyond a reasonable doubt: (1) an agreement existed between Busby and at least one other person with the specific intent for some member of the conspiracy to manufacture firearms without a license; (2) Busby knew of the agreement's unlawful objective; (3) Busby voluntarily agreed to join the conspiracy; and (4) one or more members of the conspiracy performed an overt act to further the conspiracy's objective. *See United States v. Martinez*, 921 F.3d 452, 467 (5th Cir.) (citations omitted), *cert. denied*, 140 S. Ct. 571 (2019).  In that regard, "an agreement may be

No. 17-11525

inferred from concert of action, voluntary participation may be inferred from a collection of circumstances, and knowledge may be inferred from surrounding circumstances". *Id.* at 467–68 (internal quotation marks and citation omitted).

Moreover, proving beyond a reasonable doubt that Busby had the necessary intent to manufacture firearms without a license required the Government's showing:  he lacked a license to manufacture firearms; and he willfully engaged in the firearms-manufacturing business.  *See Bryan v. United States*, 524 U.S. 184, 187–89 & nn.2, 5–6 (1998) (citations omitted).  To be engaged in such business, Busby must have "devote[d] time, attention, and labor to manufacturing firearms as a regular course of trade or business with the principal objective of livelihood and profit through the sale or distribution of the firearms manufactured".  18 U.S.C. § 921(a)(21)(A).

Busby has not shown the requisite plain error.  The record is not devoid of evidence that he, and at least one other person, knowingly and voluntarily agreed to manufacture firearms for profit, without a license, and performed overt acts to further their conspiracy's objective, even after learning that an additional co-conspirator was not a government agent.  Busby, therefore, has not demonstrated his conviction resulted in the requisite "manifest miscarriage of justice".  *See Oti*, 872 F.3d at 686 (citation omitted).

Busby has abandoned for failure to brief his challenge to the forfeiture money judgment.  *See United States v. Scroggins*, 599 F.3d 433, 446–47 (5th Cir. 2010) (citations omitted).  In any event, because Busby fails to demonstrate plain error as to his conspiracy conviction, and asserts no other reason why the forfeiture money judgment was improper, he fails to establish a basis for vacating and remanding that judgment.

AFFIRMED.